**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
|     Plaintiff, ) | |
| ) | Case No: 1:04cr00093-001 |
| **v.** ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| **RICHARD DWAYNE ALLISON** ) | |
|     Defendant. ) | By: PAMELA MEADE SARGENT |
| ) | United States Magistrate Judge |
| ) | |

This case is currently before the court on remand from the United States Court of Appeals for the Fourth Circuit, ("Fourth Circuit"), to determine whether good cause or excusable neglect exists to justify granting Richard Dwayne Allison, ("Allison"), an extension of time for filing his notice of appeal. The court has jurisdiction over the case pursuant to 28 U.S.C. § 1331. The case is before the undersigned Magistrate Judge by referral, pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was held on November 13, 2009, before the undersigned, at which Allison, who was acting pro se, participated and gave sworn testimony via closed-circuit television.

*I. Facts*

On June 14, 2005, Allison pleaded guilty to counts of conspiracy to manufacture and manufacturing a controlled substance, namely methamphetamine, under 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A),

- 1 -

21 U.S.C. § 841(b)(1)(B), 21 U.S.C. § 846 and 18 U.S.C. § 2. (Docket Item Nos. 54 and 58.) After the United States Sentencing Commission, ("USSC"), amended the Federal Sentencing Guidelines, ("Guidelines"), applicable to crack cocaine offenses, allowing the court to retroactively reduce an offender's term of imprisonment under 18 U.S.C. § 3582(c), Allison moved the court to reduce his sentence. (Docket Item No. 81.) In an Order dated April 7, 2009, (Docket Item No. 82.), ("Order"), Senior United States District Court Judge Glen M. Williams denied the motion. Judge Williams's reason for denying the motion was based on the fact that the USSC amended the guidelines pertaining to crack cocaine only, which did not affect Allison's case, as it involved only methamphetamine and pseudoephedrine. (Docket Item No. 82 at 1-2.) Allison filed his notice of appeal, (Docket Item No. 83), with the Fourth Circuit on May 15, 2009, which was after the 10-day period for filing the notice of appeal had expired. However, May 15, 2009, was within the 30-day period for granting an extension to file based on excusable neglect or good cause. Accordingly, the Fourth Circuit remanded the case to this court for a determination of whether good cause or excusable neglect prevented Allison from filing within the 10-day period.

*II. Analysis*

The Federal Rules of Appellate Procedure, ("the Rules"), provide that in a criminal case, the notice of appeal shall be filed in the district court within 10 days after the entry of the judgment. *See* FED. R. APP. P. 4(b)(1)(A). However, the Rules provide that "[u]pon a finding of excusable neglect or good cause, the district court may – before or after the time has

expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." FED. R. APP. P. 4(b)(4). Furthermore, in *United States v. Reyes*, the Fourth Circuit stated that when a criminal defendant files his notice of appeal outside the 10-day period, but within the 30-day excusable neglect period, the defendant should have the opportunity to seek relief by showing excusable neglect. *See* 759 F.2d 351, 353 (4th Cir. 1985).

At the November 13, 2009, hearing, Allison testified and submitted an exhibit, (Docket Item No. 89, Attachment 2), purporting to establish good cause or excusable neglect for failing to file his notice of appeal within the 10-day period. Allison testified, and the evidence submitted verifies, that from March 4, 2009, through April 28, 2009, he was either in route to and from or being treated at medical facilities. At the time the Order was entered, Allison was recovering from surgery at the Federal Medical Center in Butner, North Carolina. Allison admitted that he received a copy of the Order in mid-April, but stated that he did not have his "legal work" with him at the medical center. Allison testified that he did not know that he merely had to file a notice of appeal; he was of the understanding that he needed to file a brief containing his legal argument with the court. Additionally, while in transit between medical centers, Allison could not have his personal items, including the Order he received while at the medical center. Once transferred to his current correctional facility, Allison began working on his

brief as soon as he was physically able to make it to the law library.[1] Allison testified that, due to the aforementioned complications, May 15, 2009, was the earliest he could submit his brief, which, as discussed above, he thought was necessary for his notice of appeal.

Based upon the testimony of Allison and the records submitted, the undersigned is of the opinion that good cause exists to justify the notice of appeal not being filed within the 10-day period. Allison, who was acting pro se, was prevented from tending to his legal matters while undergoing post-operative treatment and recovery at a secure medical center. Further, the combination of the fact that Allison did not have access to his legal documents with his belief that he was required to submit written argument justifies his failure to abide by the 10-day requirement. Allison submitted the brief within a reasonable time period after gaining access to his collection of legal material and the correctional facility's law library, as his medical care prevented earlier access to such material. As such, the court finds that good cause existed for Allison's failure to file his notice of appeal within the 10-day period. Therefore, the undersigned recommends that the court grant the defendant an extension of time for 30 additional days to file his notice of appeal.

---

[1] Allison testified that he experienced complications after his release from the medical center on April 28, 2009, because he was still recovering from his surgery and had trouble ambulating.

# PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Where excusable neglect or good cause exists, the court may extend the time for filing a notice of appeal from 10 days to 30 days; and
2. In this case, good cause exists for the defendant's failure to file his notice of appeal within the standard 10-day period; thus, the court should grant him an extension of 30 additional days to file his notice of appeal.

## RECOMMENDED DISPOSITION

Based upon the above-stated reasons, the undersigned finds that good cause exists for Allison's failure to file his notice of appeal within the 10-day period, and recommends that the court grant him an extension of 30 additional days to file his notice of appeal.

## Notice To Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636 (b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written

objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in the matter to the Honorable Glen M. Williams, Senior United States District Judge.

The clerk is directed to send copies of this Report and Recommendation to all counsel of record.

**DATED:** This 20th day of November 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE